JOHN CONLEY JR.,
    *Plaintiff*,

v.

JUDGE ALEXANDER, *et al.*,
    *Defendants.*

No. 3:18-cv-294 (VAB)

# INITIAL REVIEW ORDER

John Conley Jr. ("Plaintiff"), currently incarcerated at Cheshire Correctional Institution, has sued Connecticut Superior Court Judge Alexander, Special Public Defender Leon Kaatz, and State's Attorney Courtney Chaplin[1] under 42 U.S.C. § 1983. Compl., ECF No. 1 at 2-3 (Feb. 16, 2018).

Mr. Conley alleges violations of his Fifth Amendment right against double jeopardy, his Fourteenth Amendment rights to procedural and substantive due process, and his First and Eight Amendment rights. *Id.* at 5. He seeks his immediate and unconditional release, as well as compensatory and punitive damages. *Id.* at 6.

Mr. Conley has filed an Amended Complaint naming Connecticut Superior Court Judge Alexander, Special Public Defender Leon Kaatz, and State's Attorney Courtney Chaplin as Defendants. Am. Compl., ECF No. 16 ¶ 3 (Apr. 30, 2019). He again challenges his April 2016 conviction and sentence for robbery in the first degree. *Id.* ¶ 1. He alleges constitutional violations and a state law claim of intentional infliction of emotional distress. *Id.* ¶ 4.

---

[1] The Court notes that then-Assistant State's Attorney Courtney Chaplin is now the Honorable Courtney M. Chaplin, a member of the Connecticut Superior Court. *See* Superior Court Judges, State of Connecticut Judicial Branch, https://www.jud2.ct.gov/judsearch/judsup.asp.

Mr. Conley also moves to expedite an Initial Review Order. Mot. ECF No. 17 (May 16, 2019).

For the reasons set forth below, the Amended Complaint will be **DISMISSED** and his motion to expedite the Initial Review Order will be **DENIED** as moot.

**I.     BACKGROUND**

On September 6, 2015, police officers allegedly arrested Mr. Conley on a charge of robbery in the first degree. Am. Compl. ¶ 17. When Mr. Conley appeared in the Connecticut Superior Court for the Judicial District of Manchester for arraignment on the robbery charge, Judge Alexander allegedly appointed Special Public Defender Leon Kaatz to represent him. *Id*. In a separate criminal case in the Connecticut Superior Court for the Judicial District of Milford, a state's attorney allegedly charged Mr. Conley with violating a term of probation. *Id*. A judge allegedly appointed Special Public Defender Kaatz to represent Mr. Conley on the violation of probation charge as well. *Id*.

Mr. Conley alleged that Special Public Defender Kaatz denied Mr. Conley's objections to pleading guilty and that he was forced to take a guilty plea because State's Attorney Chaplin and Judge Alexander threatened him with trial. *Id.* ¶ 18. On April 6, 2016, Judge Alexander allegedly sentenced Mr. Conley to five years of imprisonment followed by five years of special parole on the robbery count. *Id*. On the same date, a judge in the Connecticut Superior Court for the Judicial District of Milford allegedly sentenced Mr. Conley to a concurrent term of three years of imprisonment on the violation of probation charge.[2] *Id.* ¶ 17.

---

[2] The Court cannot easily decipher Mr. Conley's timeline of his criminal convictions and related sentences based on the allegations contained in either his Complaint or Amended Complaint. According to public records on the Connecticut Superior Court website, Mr. Conley received a sentence for violation of probation related to a conviction of first-degree robbery in 2010 and a sentence for a subsequent conviction of first-degree robbery in 2016.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to

---

Information regarding Mr. Conley's 2010 sentence for violation of probation may be found on the Connecticut Superior Court website under Docket No. AAN-CR09-0072100-T at: https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp.

Information regarding Mr. Conley's 2016 sentence for first-degree robbery may be found on the Connecticut Superior Court website under Docket No. H12M-CR15-0253274-S at: https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III. DISCUSSION

Mr. Conley challenges the term of special parole imposed at a sentencing hearing on April 6, 2016 by Judge Alexander related to his conviction for robbery in the first degree. He contends that his sentence, which includes both a term of imprisonment followed by a term of special parole, is in fact two separate sentences in violation of the Fifth Amendment's Double Jeopardy Clause. Am. Compl. ¶¶ 5–6. He also seeks redress for violations of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution and makes a state law claim for intentional infliction of emotional distress. *Id.* ¶ 4.

4

### A. The Claims Against Special Public Defender Kaatz

Section 1983 creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of federally or constitutionally protected rights. *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim for relief under § 1983, a plaintiff must allege that (1) he or she was "deprived of a right secured by the Constitution or laws of the United States," and (2) the "deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). To demonstrate state action, a plaintiff must establish both that his or her "alleged constitutional 'deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Id.* at 50 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Generally, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (court appointed attorneys are not state actors for purposes of § 1983 claims); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) (private attorney not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding). A public defender that conspires with a state official to deprive a criminal defendant of his constitutional rights, however, may be deemed to be acting under color of state law. *Tower v. Glover,* 467 U.S. 914, 920–22 (1984).

Mr. Conley alleges Special Public Defender Kaatz represented him as a special public defender in two criminal cases: in one he was charged with a probation violation, and in the other

he was charged with burglary. Am. Compl. ¶ 17. He alleges that it was Special Public Defender Kaatz's job to investigate all possible defenses and prepare the cases for trial. *Id*. ¶ 18. Instead, Special Public Defender Kaatz allegedly recommended that Mr. Conley accept the plea deal offered to him on the robbery count, which included a sentence of five years of imprisonment followed by five years of special parole, even though Mr. Conley was concerned that the sentence was not authorized by Connecticut statutes. *Id.*

The conduct of Special Public Defender Kaatz, as described by Mr. Conley, falls within the "traditional function" of a public defender as counsel. *See Hicks v. Lantz*, No. 3:08-CV-1012 (MRK), 2009 WL 2869753, at *3 (D. Conn. Sept. 1, 2009) ("[r]epresenting a client during plea negotiations and at sentencing are part of the traditional functions of counsel" in a criminal case); *Ramos v. McIntyre*, No. 3:18-CV-2039 (VAB), 2019 WL 2437854, at *2 (D. Conn. June 11, 2019) (plaintiff's allegation that attorney represented him as special public defender in his criminal proceeding precluded his claim against attorney because attorney was not a state actor subject to liability under 42 U.S.C. § 1983).

There are no allegations that Special Public Defender Kaatz conspired with any state officials in connection with his representation of Mr. Conley. Because Mr. Conley has not asserted that Special Public Defender Kaatz acted outside the scope of his responsibilities as a special public defender appointed to represent him during his criminal cases, Special Public Defender Kaatz was not a state actor for purposes of § 1983.

Accordingly, all claims against Special Public Defender Kaatz will be dismissed.

### B. Claims for Injunctive Relief

A challenge to the plaintiff's sentence and request for release from the term of special parole must be made in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Prieser*

*v. Rodriguez*, 411 U.S. 475, 489 (1973) (when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release, his sole federal remedy is in habeas corpus); *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999) (holding that "where the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C.] § 2254(b) with its exhaustion requirement may be employed").

Mr. Conley seeks to have the Court vacate his sentence of imprisonment and "abolish" the term of special parole as illegal or, in the alternative, to order his release from the remaining portion of his five-year term of imprisonment and either place him on probation in lieu of the five-year term of special parole or unconditionally discharge him from the five-year term of special parole. Am. Compl. ¶¶ 4, 23.

On April 18, 2017, Mr. Conley filed a federal habeas petition in this Court challenging his April 2016 conviction and sentence. *See Conley v. Famauch, et al.*, Case No. 3:17-cv-00653 (VLB). On June 14, 2017, the Court dismissed the petition on the ground that Mr. Conley had not exhausted his state court remedies as to the claims asserted in the petition. *Id.* Ruling Pet. Writ Habeas Corpus, *Conley v. Famauch*, No. 3:17-cv-00653, ECF No. 16 (June 14, 2017). Mr. Conley does not allege that he made any other attempts to exhaust remedies in state court regarding his April 2016 conviction and sentence after dismissal of his federal petition in June 2017.

Accordingly, the Court will not construe this action as a habeas petition because Mr. Conley does not allege that he has exhausted his available state court remedies. The claim for relief seeking to vacate or release him from the remaining term of his imprisonment and to either

7

release him unconditionally from the five-year term of special parole or release him on probation for five years is not properly asserted in this action and therefore will be dismissed.

### C. Other Claims for Monetary Relief

In addition to injunctive relief, Mr. Conley also seeks compensatory and punitive damages from State's Attorney Chaplin and Judge Alexander for the imposition of his alleged unconstitutional sentence. Am. Compl. ¶ 4. Mr. Conley claims that the Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. He alleges that the Defendants punished him twice for the same crime by sentencing him to a term of imprisonment followed by a term of special parole in violation of the Fifth Amendment. *Id.* ¶¶ 8–11.

Mr. Conley contends that the Defendants violated his First Amendment right to free speech when he attempted to inform them that the two-part sentence was illegal or unconstitutional and discriminated against him in violation of his rights to due process and equal protection of the law under the Fourteenth Amendment. *Id.* ¶¶ 11, 18. He further argues that the sentence imposed by Judge Alexander constituted excessive punishment in violation of the Eighth Amendment. *Id.* ¶ 19.

The Court will address the claims against these two remaining Defendants in turn.

#### 1. Claims Against Judge Alexander

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions. . . . [and] acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir. 2009). This immunity applies even to claims that a judge acted in bad faith, or acted erroneously, maliciously, or "in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

8

A judge is not entitled to absolute immunity, however, for nonjudicial actions or "actions not taken in the judge's judicial capacity" such as administrative decisions. *Bliven*, 579 F.3d at 209–10 (internal quotation marks and citation omitted). Administrative decisions include demoting or dismissing a court employee or "compiling general jury lists to affect all future trials." *Id*. at 210 (citations omitted).

Mr. Conley alleges that Judge Alexander presided over his criminal case involving his first-degree robbery charge in the Connecticut Superior Court for the Judicial District of Manchester, appointed a special public defender to represent him, and sentenced him on April 4, 2016. Am. Compl ¶¶ 17–18. There are no allegations which suggest that Judge Alexander dealt with Mr. Conley as anything other than as a Superior Court Judge presiding over his criminal case and sentencing hearing. *See Dove v. Pesce*, No. 13–CV–5766 (ARR), 2013 WL 5913799, at *2 (E.D.N.Y. Oct. 30, 2013) (holding that plaintiff's claims were foreclosed by absolute immunity because judge's sentencing of plaintiff was clearly performed in his judicial capacity in connection with the state criminal proceedings); *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 712 (S.D.N.Y. 2011) ("a judge's decision to sentence a convicted defendant . . . is clearly a judicial function"); *Vanguilder v. Giardino,* No. 05–CV–2033, 2005 WL 1229742, at *1 (E.D.N.Y. May 23, 2005) (holding that judge was entitled to absolute immunity because plaintiff's allegations against judge arose out of judge's actions during plaintiff's criminal proceedings).

Absent any allegations that Judge Alexander engaged in actions that were not judicial in nature or that were taken in the absence of all jurisdiction, Judge Alexander is entitled to absolute immunity from suit in presiding over Mr. Conley's criminal case, including his sentencing hearing.

9

Accordingly, Mr. Conley's claims against Judge Alexander for monetary damages are barred by absolute immunity and therefore will be dismissed.

### 2. Claims Against State's Attorney Chaplin

A prosecutor is protected by absolute immunity from lawsuits seeking damages for all activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Any prosecutorial activities that are fairly characterized as being closely associated with litigation, such as presentation of evidence to a grand jury or conducting plea bargaining negotiations, are functions that are intimately associated with the judicial phase of the criminal process. *Barrett v. United States*, 798 F.2d 565, 571–572 (2d Cir. 1986) (citations omitted). Thus, initiating a prosecution and presenting the State's case are activities that entitle the prosecutor to absolute immunity from suit. *Imbler*, 424 U.S. at 431.

Mr. Conley alleges that State's Attorney Courtney Chaplin represented the State of Connecticut at the arraignment of Mr. Conley on the burglary charge for which he was arrested on September 6, 2015. Because the decision to prosecute Mr. Conley for burglary and to enter into plea negotiations is intimately associated with the judicial process, Attorney Chaplin is immune from suit. *See id.*; *Barrett*, 798 F.2d at 572.

Accordingly, Mr. Conley's claims for monetary damages against State's Attorney Chaplin are barred by absolute immunity and therefore will be dismissed.

### D. Claims Barred by *Heck v. Humphrey*

Even if Judge Alexander and State's Attorney Chaplin were not entitled to immunity from suit for monetary damages and Special Public Defender Kaatz was a state actor subject to liability under § 1983, Mr. Conley's request for damages would still be barred.

The Supreme Court has unequivocally stated that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Any determination by this Court that the imposition of the term of special parole violated the Fifth Amendment's Double Jeopardy Clause necessarily would imply the invalidity of Mr. Conley's sentence. Mr. Conley filed his state habeas petition on November 23, 2016.[3] Although Mr. Conley characterizes the decision in his state habeas case as having invalidated his criminal conviction and sentence, Am. Compl. ¶ 1, the docket in the case reflects otherwise.

On December 14, 2016, Superior Court Judge Oliver declined Mr. Conley's petition under Connecticut Practice Book § 23-24. A copy of the order declining the petition is attached to Mr. Conley's original Complaint. Compl., ECF No. 1 at 20. Judge Oliver declined to issue the writ of habeas corpus as frivolous on its face on the ground that there was no reasonable basis to

---

[3] Mr. Conley filed his state habeas petition in the Connecticut Superior Court, Judicial District of Rockville. The docket for this case can be found under Docket No. TSR-CV17-4008516-S at:
http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV174008516S

11

assert a claim that the term of Mr. Conley's special parole was illegal. *Id.* Mr. Conley does not allege that he appealed the decision to decline his state habeas petition.

There are no facts to suggest that Mr. Conley's sentence including the term of special parole has been invalidated in state court. As a result, under *Heck*, Mr. Conley's request for monetary damages based on a challenge to his sentence as violative of the Constitution must fail. *See Heck*, 512 U.S. at 486–87 ("[T]o recover damages for [an] allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus[.]").

Accordingly, Mr. Conley's request for monetary damages will be dismissed.

### E. State Law Claims of Intentional Infliction of Emotional Distress

In cases where a plaintiff makes federal and state claims in the same action brought in federal court, a federal court will have supplemental jurisdiction over the state law claims when those claims form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

State and federal claims form part of the same case or controversy when they "derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (internal quotations omitted). A plaintiff does not have an absolute right to subject matter jurisdiction over his or her state law claims, however, because the power of federal courts to exercise jurisdiction over state law claims is discretionary. *Id.* at 350.

District courts may decline to exercise supplemental jurisdiction over state law claims when the district court has dismissed all federal claims. 28 U.S.C. 1367(c)(3); *see also Carnegie-Mellon*, 484 U.S. at 350 ("When the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) ("Once all federal claims have been dismissed, the balance of factors will usual[ly] point towards declination." (internal quotations omitted)).

In addition to his federal claims, Mr. Conley also makes a state law claim for intentional infliction of emotional distress. Am. Compl., ¶ 4. Because all of Mr. Conley's federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction over Mr. Conley's state law claim of intentional infliction of emotional distress.

Accordingly, Mr. Conley's state law claim of intentional infliction of emotional distress will be dismissed.

## ORDERS

The Court enters the following orders:

**(1)** The claims against Special Public Defender Kaatz are **DISMISSED** under 28 U.S.C. § 1915A(b)(1); the claims for injunctive relief against Superior Court Judge Alexander and State's Attorney Chaplin are **DISMISSED** under 28 U.S.C. § 1915A(b)(1); the claims for damages against Superior Court Judge Alexander and State's Attorney Chaplin are **DISMISSED** under 28 U.S.C. § 1915A(b)(2); and the state law claim of intentional infliction of emotional distress is **DISMISSED** under 28 U.S.C. § 1367(c)(3).

13

**(2)** The Motion to Expedite Initial Review Order, [**ECF No. 17**] is **DENIED as MOOT**.

**(3)** The Clerk is directed to enter judgment for the Defendants and close this case.

**SO ORDERED** at Bridgeport, Connecticut this 30th day of March, 2020.

/s/_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE